DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, appellant was convicted and sentenced on thirty-five counts of drug trafficking following a jury trial. Because we conclude that the trial court impermissibly premised an element of the crimes of which defendant was convicted on an administrative rule, we reverse.
Appellant, Thomas Jefferson Hutton, was a registered pharmacist and owner of a Toledo pharmacy which dispensed, inter alia, "exempt substances." "Exempt substances" are medicinal preparations containing a defined amount of otherwise controlled substances — narcotics. Exempt substances may be sold by a pharmacist, subject to certain restrictions, without a prescription. Many of these preparations are certain cough syrups which contain a small amount of codeine. See R.C. 3716.15.
Statutorily, pharmacists are prohibited from selling more than one exempt preparation to an individual in less than a forty-eight hour period. R.C. 3716.16. Additionally, the Ohio State Board of Pharmacy promulgated regulations which require that, before dispensing exempt substances, a pharmacist must require the purchaser to provide identification, including proof that he or she is over age eighteen. The pharmacy must maintain a bound record book of exempt sales in which is entered the name and address of the purchaser, the type and quantity of the substance sold, the date and initials of the dispensing pharmacist. Ohio Adm. Code 4729-11-09. The same regulation restricts exempt substance sales to instances in which the purchaser establishes a legitimate medical need for the preparation.
On August 5, 1996, pharmacy board agents inspected appellant's pharmacy and seized the store's exempt substances books dating to 1992. Agents analyzed the log and uncovered what they believed to be excessive sales of exempt substances to certain individuals. Additionally, there appeared to be a number of sales in violation of R.C. 3716.16, the forty-eight hour restriction. The pharmacy board took administrative action against appellant's pharmacist license and caused criminal proceedings to be instituted in Lucas County. On May 23, 1997, a Lucas County Grand Jury handed down a one hundred count indictment, charging appellant with eighty counts of drug trafficking and twenty counts of violating the forty-eight hour statute, all fourth degree felonies.
Appellant pled not guilty to all counts and moved to dismiss the trafficking charges because the allegations in these eighty counts did not state a statutory offense in Ohio. The trial court granted appellant's motion, but the state brought an interlocutory appeal to this court. Citing to State v. Sway (1984), 15 Ohio St.3d 112, 114, we reversed the trial court, concluding that under some circumstances a pharmacist who unlawfully dispenses controlled substances could be convicted of drug trafficking. We did not specify the exact circumstances. State v. Hutton (Dec. 11, 1998), Lucas App. No. L-98-1199, unreported.
On remand, the matter was tried. The state withdrew some of the counts and the court dismissed some as well. Ultimately, the court submitted thirty-five counts of drug trafficking and three counts of the "forty-eight hour" violation to the jury. The jury acquitted appellant of the "forty-eight hour" violations, but convicted him of the remaining drug trafficking counts. The trial court accepted the verdict and sentenced appellant to one year imprisonment concurrent on each count, suspended pending successful completion of a five year period of probation. The court also imposed mandatory fines of $52,500.
From this conviction and sentence, appellant now brings this appeal, setting forth the following five assignments of error:
 "1) THE SUBSTANCES INVOLVED IN THIS CASE WERE NOT SCHEDULE V SUBSTANCES AS ALLEGED IN THE INDICTMENT AND BILL OF PARTICULARS, THEY WERE `EXEMPT PREPARATIONS' AS DEFINED AT O.R.C. § 3719.15(A), AND BY THE TERMS OF THAT STATUTE SUCH SUBSTANCES ARE SPECIFICALLY EXEMPTED FROM THE DRUG ABUSE AND TRAFFICKING LAWS CODIFIED IN CHAPTER 2925 O.R.C. AS WELL AS THE CONTROLLED SUBSTANCE LAWS CODIFIED IN CHAPTER 3719 O.R.C., DEFENDANT-APPELLANT'S CONVICTIONS PURSUANT TO § 2925.03 MUST THEREFORE BE VACATED.
 "2) THE EVIDENCE ADDUCED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILTY ON EACH OF THE CONVICTED COUNTS.
 "3) THE TRIAL COURT ERRED BY ALLOWING THE STATE TO SUBSTANTIALLY AMEND ITS BILL OF PARTICULARS, WHICH DEFENDANT AND HIS COUNSEL HAD RELIED ON TO DEFENDANT'S PREJUDICE, AFTER THE STATE HAD RESTED ITS CASE DURING TRIAL.
 "4) THE `LEGITIMATE MEDICAL NEED' TEST, WHICH THE STATE IMPOSED UPON DEFENDANT BY WAY OF A PHARMACY BOARD REGULATION, IS UNCONSTITUTIONALLY VOID FOR VAGUENESS.
 "5) SHOULD THIS COURT DETERMINE THAT DEFENDANT-APPELLANT'S COUNSEL FAILED TO ADEQUATELY OR TIMELY RAISE THE ISSUE OF THE APPLICABILITY OF THE EXCEPTION CODIFIED AT O.R.C. § 3719.15, COUNSEL WILL HAVE PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL."
Former R.C. 2925.03[1] provided that:
 "(A) No person shall knowingly sell or offer to sell a controlled substance.
 "(B) This section does not apply to any of the following:
 "(1) Manufacturers, practitioners, pharmacists, owners of pharmacies, and other persons whose conduct is in accordance with Chapters 3719., 4715., 4729., 4731., * * *."
Former R.C. 3719.15 concerns exempt substances:
"3719.15 Substances excepted
 "Except as specifically provided in Chapters 2925. and 3719. of the Revised Code, such chapters shall not apply to the following cases:
 "(A) Where * * * a pharmacist or owner of a pharmacy sells at retail any medicinal preparation that contains in one fluid once, * * *
"(3) Not more than one grain of codeine or
any of its salts;
"* * *
 "Each preparation mentioned in divisions (A)(1), (2), (3), (4), and (5) of this section shall in addition contain one or more non-narcotic active medicinal ingredients in sufficient proportion to confer upon the preparation valuable medicinal qualities other than those possessed by the narcotic drug alone.
"* * *
 "(B) Where a practitioner administers or dispenses; or where a pharmacist sells at retail, liniments, ointments, and other preparations, that are susceptible of external use only and that contain narcotic drugs in such combination as prevent their being readily extracted from such liniments, ointments, or preparations, except that such sections shall apply to all liniments, ointments, and other preparations, that contain coca leaves in any quantity or combination.
 "The medicinal preparation, or the liniment, ointment, or other preparation susceptible of external use only, prescribed, administered, dispensed, or sold, shall contain, in addition to the narcotic drug in it, some drug or drugs conferring upon it medicinal qualities other than those possessed by the narcotic drug alone. Such preparation shall be prescribed, administered, compounded, dispensed, and sold in good faith as a medicine, and not for the purpose of evading such sections."
It is undisputed that the charges at issue implicate substances defined by R.C. 3719.15(A).
Reading former R.C. 2925.03(B) in pari materia with former R.C.3719.15(A), it is clear that the legislature intended to ordinarily except pharmacists from criminal culpability under R.C. 2925.03(A) and specifically take exempt substances sold by pharmacists out of the specter of criminal prosecution.
When, in the trial court, appellant moved to dismiss the eighty-count indictment, he argued that the state had alleged no statutory violation under any of the chapters delineated in R.C. 2925.03(B); therefore, according to appellant, the state had failed to allege any criminal act. The state responded that the statute refers not only to defined code chapters, but regulations promulgated under such statute.
The trial court rejected the state's contention that the legislature intended to incorporate the pharmacy board's regulations into the criminal code. Even if such were the case, the trial court concluded, such regulations read in a criminal context would be impermissibly vague. The trial court granted appellant's motion to dismiss the eighty trafficking counts.
The state interposed an interlocutory appeal from the order of dismissal and we reversed. After remand and at the conclusion of the trial, the trial court instructed the jury on the elements of trafficking as, "* * * fourth, did knowingly, fifth, sell, sixth, an exempt narcotic, and seventh, while not selling the exempt narcotic for a legitimate medical need." This seventh element is wholly derived from a regulation of the pharmacy board contained in Ohio Adm. Code 4727-11-09.[2]
In retrospect, we find our decision in the interlocutory appeal correct in general terms, but misleading in view of the evidence presented at trial.
In Ohio, all crimes are statutory. State v. Cimpritz (1953),158 Ohio St. 490, paragraph one of the syllabus. "No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code." R.C. 2901.03.
In the interlocutory appeal, we cited favorably to State v. Sway
(1984), 15 Ohio St.3d 112, and State v. Friedman (1991),70 Ohio App.3d 262. Sway involved a physician who swapped prescriptions for percodan, methaqualone and dilaudid, all controlled substances as defined by R.C. 3719.41, in exchange for sexual relations. A fair reading of Sway reveals that the case dealt, inter alia, with whether R.C. 2925.03(B) absolved the physician from criminal liability. The court concluded that it did not absolve Sway, because his knowing dispensation of bogus prescriptions violated professional standards delineated in R.C. 4731.22, specifically a statutory prohibition against prescribing drugs for, "* * * other than legal and legitimate therapeutical purposes * * *." In doing so, the Sway court employed the rather unfortunate language quoted in our interlocutory decision that a medical practitioner is immune from a trafficking charge if his or her, "* * * conduct is in accord with the regulations contained in, interalia, R.C. Chapters 3719 and 4731."
No "regulation" was cited in Sway or at issue in Sway. Each of the standards the court used to conclude that Sway's unprofessionalism voided his protection under R.C. 2925.03 was contained in a statute, not an administrative rule. Consequently, Sway was in harmony with State v.Cimpritz, supra, and R.C. 2901.03.
State v. Friedman, supra, is likewise predicated on a violation of a statute, not an administrative rule. In dicta, the Friedman court said that a pharmacist might be convicted of drug trafficking where the pharmacist's, "* * * conduct is so egregious that the dispensing of controlled substances is `not in the course of a bona fide treatment of a patient.'" 70 Ohio App.3d at 267.
It appears that the use of the word "regulation" in a quotation in our interlocutory decision led the trial court to add a rule-based element to the alleged crimes which should not have properly been included. The proper element would have been a reference to a specific statute or statutes contained in R.C. Chapters 3719, 4715, 4731 or 4741.
Accordingly, appellant's first assignment of error is well-taken. His remaining assignments of error are moot.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed and appellant's conviction is vacated. Costs to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] All offenses for which appellant was convicted occurred in 1995 and 1996.
[2] The state argues that the last line of former R.C. 3719.15(B) imposes a "good faith" requirement for the dispensing of exempt substances. The trial court rejected this argument, as do we. The language of the statute does not clearly state that part (B) requirements are intended to be imposed on part (A) substances. In a criminal context, such ambiguity must be resolved in favor of the defendant. R.C.2901.04.